UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JOSEPH DeMASI,

                Plaintiff,                    07 Civ. ( )

        -against-

JOSEPH BENEFICO, individually, RICHARD       COMPLAINT
SLINGERLAND, individually, and the VILLAGE
OF PELHAM, New York,

                Defendants.              Jury Trial Demanded

------------------------------------------------------------x

**07 CIV. 8049**

**ORIGINAL**

**JUDGE CONNER**

Plaintiff JOSEPH DeMASI, by his attorneys Lovett & Gould, LLP, for his complaint respectfully states:

## NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately resulting from conduct jointly engaged in by Defendants under color of the laws of the State of New York, for violations of Plaintiff's right as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

1

## THE PARTIES

3. Plaintiff JOSEPH DeMASI is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. At all times relevant to this complaint he was employed as a permanent, tenured, sworn members of the Police Department of the Defendant Village. On December 9, 2005, his employment cease upon his being granted disability retirement.

4. Defendant JOSEPH BENEFICO (hereinafter "Benefico"), who is sued in his personal and individual capacities only, at all times relevant to this complaint was the duly appointed Chief of Police of the Defendant Village. As such he, along with his co-defendant Slingerland, shared final, discretionary authority to act on behalf of the Defendant Village with respect to the granting and/or denial of statutory benefits as provided for Village police officers by Section 207-c of the New York State General Municipal Law (hereinafter "Section 207-c").

5. Defendant RICHARD SLINGERLAND (hereinafter "Slingerland"), who is sued in his personal and individual capacities only, at all times relevant to this complaint was the duly appointed Village Administrator for the Defendant Village.

6. Defendant VILLAGE OF PELHAM, New York (hereinafter "Village"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

## THE FACTS

7. On April 22, 2002, Plaintiff suffered an on-the-job, disabling injury as a result of which he was accorded by way of a property right the statutory, financial entitlements

2

provided for by reason of Section 207-c. He thereafter received those entitlements continuously except as indicated *infra*.

8. While receiving the benefits of Section 207-c, Plaintiff was directed to and in fact reported for "light duty" assignments in the Police Department.

9. By correspondence dated February 2, 2005, Slingerland and Benefico ordered Plaintiff to report for "light transitional duty" effective February 9, 2005, subject to the proviso: "Neither you or [*sic*.] your doctor have provided medical evidence that you are unable to work a full eight-hour tour of light transitional duty. If you leave before the end of your tour, you will not be paid for time not worked".

10. Contrary to Defendants' recital, Plaintiff's treating physician had indeed provided medical evidence which in words or substance made it clear to Defendants that due to his on-the-job injuries Plaintiff from time to time would be unable to work a full eight-hour tour of light transitional duty and/or work certain of such tours.

11. Plaintiff reported for the subject "light transitional duty" but by reason of pain and/or discomfort due to his on-the-job injuries he was physically unable from time to time to either work an entire eight-hour shift or to report for certain shifts.

12. As a proximate result commencing the first week of March, 2005, Slingerland and Benefico unilaterally discontinued and/or substantially reduced the monetary benefits to which Plaintiff was statutorily entitled under Section 207-c, refusing to pay him for time when he was either physically unable to complete a shift due to his on-the-job injuries and/or to work a particular shift for the same reason.

13. Prior to Defendants' taking the unilateral action referenced in the preceding paragraph "12", they did not accord Plaintiff a due process hearing and/or any opportunity to be heard.

14. By reason of Defendants' conduct Plaintiff has been caused to suffer: pecuniary losses; lapses in continuity of service for purposes of retirement benefits; anxiety; emotional upset; public embarrassment; public humiliation; shame; and he has otherwise been rendered sick and sore.

WHEREFORE a judgment is respectfully demanded:

a. Awarding as against the individually named Defendants such punitive damages s the jury shall impose,

b. Awarding as against all Defendants such compensatory damages as the jury may determine,

c. Awarding reasonable costs and attorney's fees, and,

d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       September 11, 2007

LOVETT & GOULD, LLP
Attorneys for Plaintiff
By: _____
Jonathan Lovett (4854)
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401