# Exhibit A

# UNITED STATES DISTRICT COURT

_____ SOUTHERN _____ District of _____ NEW YORK _____

JOSEPH DeMASI,

        Plaintiff,

    -against-

JOSEPH BENEFICO, individually, RICHARD SLINGERLAND, individually, and the VILLAGE OF PELHAM, New York,

        Defendants.

**SUMMONS IN A CIVIL ACTION**

Case No.

## 07 CIV. 80 49

**JUDGE CONNER**

**TO:** (Name and Address of Defendant)

Joseph Benefico, Chief of Police, 195 Sparks Avenue, Pelham, New York

Richard Slingerland, Village Administrator, 195 Sparks Avenue, Pelham, New York

Village of Pelham, New York, Village Hall, 195 Sparks Avenue, Pelham, New York

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY.

Lovett & Gould, LLP
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401

an Answer to the Complaint which is herewith served upon you, within twenty days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**      SEP 1 4 2007

_____      _____
CLERK                          DATE

BY DEPUTY CLERK

**RECEIVED**
SEP 2 4 2007
NYMIR

**RECEIVED**
SEP 2 0 2007
Village of Pelham

LOVETT & GOULD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x

JOSEPH DeMASI,

                 Plaintiff,

      -against-

JOSEPH BENEFICO, individually, RICHARD
SLINGERLAND, individually, and the VILLAGE
OF PELHAM, New York,

               Defendants.

------------------------------------------------x

SEP 14 2007

07 CIV 8049

COMPLAINT

JUDGE CONNER

Jury Trial Demanded

    Plaintiff JOSEPH DeMASI, by his attorneys Lovett & Gould, LLP, for his complaint respectfully states:

## NATURE OF THE ACTION

    1. This is an action for compensatory and punitive damages, proximately resulting from conduct jointly engaged in by Defendants under color of the laws of the State of New York, for violations of Plaintiff's right as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## JURISDICTION

    2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

1

## THE PARTIES

3. Plaintiff JOSEPH DeMASI is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. At all times relevant to this complaint he was employed as a permanent, tenured, sworn members of the Police Department of the Defendant Village. On December 9, 2005, his employment cease upon his being granted disability retirement.

4. Defendant JOSEPH BENEFICO (hereinafter "Benefico"), who is sued in his personal and individual capacities only, at all times relevant to this complaint was the duly appointed Chief of Police of the Defendant Village. As such he, along with his co-defendant Slingerland, shared final, discretionary authority to act on behalf of the Defendant Village with respect to the granting and/or denial of statutory benefits as provided for Village police officers by Section 207-c of the New York State General Municipal Law (hereinafter "Section 207-c").

5. Defendant RICHARD SLINGERLAND (hereinafter "Slingerland"), who is sued in his personal and individual capacities only, at all times relevant to this complaint was the duly appointed Village Administrator for the Defendant Village.

6. Defendant VILLAGE OF PELHAM, New York (hereinafter "Village"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

## THE FACTS

7. On April 22, 2002, Plaintiff suffered an on-the-job, disabling injury as a result of which he was accorded by way of a property right the statutory, financial entitlements

provided for by reason of Section 207-c. He thereafter received those entitlements continuously except as indicated *infra*.

8. While receiving the benefits of Section 207-c, Plaintiff was directed to and in fact reported for "light duty" assignments in the Police Department.

9. By correspondence dated February 2, 2005, Slingerland and Benefico ordered Plaintiff to report for "light transitional duty" effective February 9, 2005, subject to the proviso: "Neither you or [*sic.*] your doctor have provided medical evidence that you are unable to work a full eight-hour tour of light transitional duty. If you leave before the end of your tour, you will not be paid for time not worked".

10. Contrary to Defendants' recital, Plaintiff's treating physician had indeed provided medical evidence which in words or substance made it clear to Defendants that due to his on-the-job injuries Plaintiff from time to time would be unable to work a full eight-hour tour of light transitional duty and/or work certain of such tours.

11. Plaintiff reported for the subject "light transitional duty" but by reason of pain and/or discomfort due to his on-the-job injuries he was physically unable from time to time to either work an entire eight-hour shift or to report for certain shifts.

12. As a proximate result commencing the first week of March, 2005, Slingerland and Benefico unilaterally discontinued and/or substantially reduced the monetary benefits to which Plaintiff was statutorily entitled under Section 207-c, refusing to pay him for time when he was either physically unable to complete a shift due to his on-the-job injuries and/or to work a particular shift for the same reason.

13. Prior to Defendants' taking the unilateral action referenced in the preceding paragraph "12", they did not accord Plaintiff a due process hearing and/or any opportunity to be heard.

14. By reason of Defendants' conduct Plaintiff has been caused to suffer: pecuniary losses; lapses in continuity of service for purposes of retirement benefits; anxiety; emotional upset; public embarrassment; public humiliation; shame; and he has otherwise been rendered sick and sore.

WHEREFORE a judgment is respectfully demanded:

    a. Awarding as against the individually named Defendants such punitive damages s the jury shall impose,

    b. Awarding as against all Defendants such compensatory damages as the jury may determine,

    c. Awarding reasonable costs and attorney's fees, and,

    d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      September 11, 2007

                LOVETT & GOULD, LLP
                Attorneys for Plaintiff
                By:
                Jonathan Lovett (4854)
                222 Bloomingdale Road
                White Plains, N.Y. 10605
                914-428-8401

**Exhibit B**

**5**

Decision, Order and Judgment Appealed From, dated August 26, 2005
[pp. 5-13]

SUPREME COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------X

In the Matter of the Application of
JOSEPH DEMASI and DOMENIC RAGNO,

                                        Petitioner,

             vs.

JOSEPH BENEFICO, individually and as Chief
of Police of the Village of Pelhan, New York,
RICHARD SLINGERLAND, individually and as
Village Administrator of the Village of Pelham,
New York, and THE VILLAGE OF PELHAM,
New York,

                                        Respondents.
-----------------------------------------------------------X

> FILED
> AND ENTERED
> ON 8-30 2005
> WESTCHESTER
> COUNTY CLERK

**DECISION, ORDER
AND JUDGMENT**

Index No.: 05-06010

ADLER, J.

        Petitioners Joseph DeMasi and Domenic Ragno seek a judgment pursuant to

Article 78 of the Civil Practice Law and Rules annulling respondents' March 2005

termination and/or diminution of petitioners' benefits under General Municipal Law

§207-c. Petitioners contend that the respondents' "unilateral termination and/or

dimunition of [their] Section 207-c entitlements" was unlawful, arbitrary, capricious and

*ultra vires.*

### FACTUAL BACKGROUND

        It is uncontested that both petitioner Joseph DeMasi ("Officer DeMasi") and

petitioner Domenic Ragno ("Officer Ragno") are permanent members of the Village of

Pelham Police Department, who were receiving benefits pursuant to General Municipal

Law §207-c for injuries sustained in the line of duty.

<u>Petitioner Ragno</u>

Officer Ragno began receiving his disability payments on or about January 19, 1999 based upon an injury he suffered to his left wrist. Following a determination by respondents' physician that Officer Ragno was physically capable of returning to light duty, by letter dated November 5, 2004, respondent Joseph Benefico, in his capacity as the Chief of Police ("Chief Benefico"), and respondent Richard Slingerland, in his capacity as the Village Administrator ("Administrator Slingerland"), ordered Officer Ragno to report for transitional light duty on November 15, 2004. Officer Ragno did report for duty on the designated date.

When he reported for duty on November 16, 2004, Officer Ragno produced a note from his physician, Andrew Y. Kleinman, M.D., which stated that Officer Ragno was capable of performing light duty "as long as he is not in a situation where he will need to defend himself or others." Respondents allege that subsequent to November 16, 2004, Officer Ragno was frequently absent and that when he did report he usually did not complete the tour.

Thereafter, by letter dated December 15, 2004, Officer Ragno was ordered to submit to a medical examination by Dr. Michael Panio. Based upon the examination, Dr. Panio advised Chief Benefico by letter dated February 16, 2005 that Officer Ragno "has no physical limitations at this point to performing desk work such as answering phone or performing paperwork for the department." Officer Ragno was again ordered to report for light transitional duty on February 28, 2005.

In a letter dated March 10, 2005 from Officer Ragno's attorney, counsel for the respondents was provided with a note written on a prescription pad from Dr. Kleinman,

2

in which he opined that Officer Ragno could continue to work light duty, but "must be able to leave when pain occurs in the left wrist." In response to a request for further information made by Administrator Slingerland on March 15, 2005, Dr. Kleinman again responded that while Officer Ragno was capable of performing light transitional duty, he should be excused from work in the event he experiences pain in the left wrist while working.

Respondents allege that between March 11, 2005 and May 5, 2005, Officer Ragno was absent from 12 work tours and never worked more than 3½ hours of the tours to which he did report. The Village of Pelham did not compensate Officer Ragno for the days he failed to report for light duty or the hours he did not work when he did report.

According to the affidavit of Administrator Slingerland, on May 5, 2005, Officer Ragno underwent an arthroscopic procedure and has been of out work since that date and is currently receiving benefits pursuant to General Municipal Law §207-c.

<u>Officer DeMasi</u>

Officer DeMasi began receiving his disability payments on or about April 22, 2002 due to an injury he suffered to his back. Following a determination by respondents' physician that Officer DeMasi was physically capable of returning to light duty, by letter dated November 5, 2004, Chief Benefico, and Administrator Slingerland, again, in their respective official capacities, ordered Officer DeMasi to report for transitional light duty on November 15, 2004.

By letter dated November 10, 2004, Administrator Slingerland advised Officer DeMasi that, based upon a representation of Officer DeMasi's attorney that Officer

DeMasi did not feel he was physically able to report for transitional light duty, he was required to submit a written report from his physician specifically addressing whether or not Officer DeMasi was capable of performing transitional light duty. In response, Officer DeMasi's physician, William A. Unis, M.D., by letter dated November 17, 2004, advised that he was of the opinion that Officer DeMasi could continue with light duty "as long as there is not exposure to potential harmful situations." After receiving Dr. Unis' response, Officer DeMasi was ordered to report for transitional light duty on December 7, 2004.

Based upon Officer DeMasi's alleged failure to report for a scheduled tour of duty and his failure to attend a scheduled medical review, respondents, by letter dated December 15, 2004, order Officer DeMasi to report for a medical examination with Dr. Panio on December 20, 2004. Dr. Panio determined that Officer DeMasi was capable of performing full-time light duty and Officer DeMasi was again ordered to report for light transitional duty on February 9, 2005.

On or about March 31, 2005, respondents' received a memorandum dated March 28, 2005 and addressed to the New York State Retirement System, in which Dr. Unis indicated that while Officer DeMasi was capable of performing light duty, if he experienced pain while on light duty "I have given him consent to return home, etc."

Petitioners allege that, since there was no medical dispute that Officer DeMasi could perform light duty, effective February 21, 2005, the Village of Pelham began to compensate him only for the hours worked. Petitioners further allege that between the period of February 21, 2005 through May 31, 2005, Officer DeMasi failed to report to work on 34 days and of the remaining days that he did report, he only worked a full

eight-hour shift on one occasion and did not work more than 2½ hours on any of the remaining days. The Village of Pelham did not compensate Officer DeMasi for the days he failed to report for light duty or for the hours he did not work when he did report.

## LEGAL ANALYSIS

In the present case, Officer Ragno and Officer DeMasi, as permanent members of the Village of Pelham Police Department, had been awarded disability benefits pursuant to General Municipal Law §207-c for injuries sustained in the line of duty. Following an examination by respondents' doctor, petitioners were ordered to report to light duty. Although both officers did report as directed, respondents claim that petitioners were frequently absent from work or, when they did report, left prior to the end of their tours of duty complaining of pain and fatigue. As a result, respondents docked petitioners' pay for any time that they were absent from work or for the hours not completed when they did report for work. Petitioners commenced this Article 78 proceeding seeking to compel respondents to compensate them for the hours that were docked from their paychecks.

Respondents argue that the Court of Appeals' decision in *Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v. City of Cohoes*, 94 N.Y.2d 686, 709 N.Y.S.2d 481, 731 N.E.2d 137, is controlling. In that case, six members of the Cohoe Fire Department who were receiving disability payments under General Municipal Law §207-a were examined by respondent's physician and found physically capable of returning to full or light duty. Without reporting for duty, the firefighters

5

commenced an Article 78 proceeding in which they alleged, among other things, that they were entitled to a "due process" hearing to contest the respondent's determination before being ordered to report to duty (*Id.* at 690-691). The Court of Appeals held that due process does not entitle recipients of benefits under General Municipal Law §207-a to a hearing regarding medical capability to perform light duty assignments prior to the issuance of a report for light duty order, unless that determination has been brought into issue by the submission of a report by a personal physician expressing a contrary opinion (*Id.* at 692).

The facts presented in *Matter of Uniform Firefighters of Cohoes* are clearly distinguishable from the facts of this case. Herein, Officer Ragno and Officer DeMasi did in fact report for transitional light duty as ordered by the respondents. Furthermore, petitioners contend that the refusal of the respondents to pay the full amount of their regular salaries pursuant to General Municipal Law §207-c constitutes a deprivation of a vested property interest without due process, as opposed to the petitioners argument in *Matter of Uniform Firefighters of Cohoes* that they possessed a due process right to a hearing to contest the orders to report for duty.[1]

It is well-settled that "disability benefits payable to police officers pursuant to General Municipal Law §207-c, once awarded, are a property interest that may not be terminated without procedural due process under the Fourteenth Amendment" (*Matter of Gamma v. Bloom*, 274 A.D.2d 14, 16, 711 N.Y.S.2d 464; *see also Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v. City of Cohoes*, 94 N.Y.2d 686,

---

[1] While disagreeing with the petitioners on this issue, the Court of Appeals did note that "an administrative hearing may ultimately be required before section 207-a payments are terminated" (*Matter of Uniform Firefighters of Cohoes*, 94 N.Y.S.2d at 692).

**11**

709 N.Y.S.2d 481, 731 N.E.2d 137; *Matter of Hodella v. Chief of Police of Town of Greenburgh*, 73 A.D.2d 967, 968, 424 N.Y.S.2d 255, *appeal denied* 49 N.Y.2d 708, 429 N.Y.S.2d 1025, 406 N.E.2d 1354; *Matter of Dacey v. County of Dutchess*, 121 A.D.3d 536, 537, 503 N.Y.S.2d 845; *Matter of Crawford v. Sheriff's Dept., Putnam County*, 152 A.D.2d 382, 548 N.Y.S.2d 734, *appeal denied* 76 N.Y.2d 704, 559 N.Y.S.2d 984, 559 N.E.2d 678).  Although General Municipal Law §207-c grants municipalities the right to discontinue the salary of a partially injured police officer who refuses to perform transitional light duty, this authority may not be exercised summarily where the officer has received permanent appointment (*Matter of Hodella*, 73 A.D.2d at 968).

In the present case, petitioners' entitlement to benefits under General Municipal Law §207-c constitutes a property right protected by the constitutional guarantees of due process "which may not be summarily discontinued or suspended without a prior evidentiary hearing, with notice and opportunity afforded [petitioners] to be heard" (*Matter of Dacey v. County of Dutchess*, 121 A.D.3d at 537; *see also Matter of Hodella*, 73 A.D.2d at 968; *Matter of Schenectady County Sheriff's Benevolent Assn. v. McEvoy*, 124 A.D.2d 911, 912, 508 N.Y.S.2d 663; *Matter of Crawford v. Sheriff's Dept., Putnam County*, 152 A.D.2d 382, 548 N.Y.S.2d 734, *appeal denied* 76 N.Y.2d 704, 559 N.Y.S.2d 984, 559 N.E.2d 678; *Matter of Hamilton v. City of Schenectady*, 210 A.D.2d 843, 844, 620 N.Y.S.2d 861; *Matter of Meehan v. County of Tompkins*, 219 A.D.2d 774, 775, 631 N.Y.S.2d 100; *Matter of Gamma v. Bloom* , 274 A.D.2d 14; *Fiorella v. Village of Scarsdale*, 96 Misc. 2d 406, 409 N.Y.S.2d 489).

Accordingly, respondents, in their respective **official capacities** as the Chief of Police of the Village of Pelham and the Village Administrator of the Village of Pelham, are directed to resume payment of Officer Ragno's full salary retroactive to the first week in March 2005,[2] and to resume payment of Officer DeMasi's full salary retroactive to February 21, 2005.  The issue of whether future payments may be terminated and/or reduced should be determined after an evidentiary hearing pursuant to General Municipal Law §207-c (see *Matter of Curley v.Dilworth*, 96 A.D.2d 903, 466 N.Y.S.2d 79, *appeal dismissed* 63 N.Y.2d 770, 1984 WL 278042; *Goglia v. Sardino*, 119 Misc. 2d 907, *affd.* 101 A.D.2d 1013, 476 N.Y.S.2d 268, *appeal granted* 63 N.Y.2d 606, 482 N.Y.S.2d 1023, 472 N.E.2d 48, *affd.* 64 N.Y.2d 1084, 489 N.Y.S.2d 905, 479 N.E.2d 250).

However, although the notice of petition and petition name Chief Benefico and Administrator Slingerland in their individual and official capacities, damage claims against an officer acting in the officer's individual capacity cannot be awarded in an Article 78 proceeding (*Matter of Leisner v. Bahou*, 97 A.D.2d 860, 861, 469 N.Y.S.2d 255, *appeal dismissed* 61 N.N.2d 985, 475 N.Y.S.2d 282, 463 N.E.2d 623, *cert. denied* 469 U.S. 1087, 105 S.Ct. 595, 83 N.E.2d 704, citing 8 Weinstein-Korn-Miller, N.Y. Civ. Prac. ¶ 7806.01; see also *Gargiul v. Tompkins*, 790 F.2d 265, 272-273).  Therefore, the claims against Chief Benefico and Administrator Slingerland in their individual capacities is dismissed.

---

[2]There is no indication in the record before this Court as to the exact date on which respondents began to dock Officer Ragno's pay.

**13**

This constitutes the decision, order and judgment of this Court.

Dated: White Plains, New York
      August 26, 2005

                            HON. LESTER B. ADLER
                            SUPREME COURT JUSTICE

LOVETT & GOULD, LLP
Attorneys for Petitioners
222 Bloomingdale Road
White Plains, New York 10605
By: Jonathan Lovett, Esq.

BOND, SCHOENECK & KING, PLLC
Attorneys for Respondents
330 Madison Avenue
New York, New York 10017-5001
By: Ernest R. Stolzer, Esq.

# Exhibit C

Westlaw.

34 A.D.3d 472                                                                                   Page 1
34 A.D.3d 472, 823 N.Y.S.2d 537, 2006 N.Y. Slip Op. 08125
(Cite as: 34 A.D.3d 472)

Briefs and Other Related Documents

DeMasi v. BeneficoN.Y.A.D. 2 Dept.,2006.
Supreme Court, Appellate Division, Second Department, New York.
In the Matter of Joseph DeMASI, et al., respondents,
v.
Joseph BENEFICO, etc., et al., appellants.
Nov. 8, 2006.

**Background:** Village police officers brought article 78 proceeding to compel village to pay docked salary and to stop village from discontinuing payment of full salary without prior evidentiary hearing. The Supreme Court, Westchester County, Adler, J., granted petition and village appealed.

**Holding:** The Supreme Court, Appellate Division, held that village could not suspend or reduce pay without an evidentiary hearing.

Affirmed.
West Headnotes
[1] Municipal Corporations 268 ⇐=187(5)

268 Municipal Corporations
    268V Officers, Agents, and Employees
        268V(B) Municipal Departments and Officers Thereof
            268k179 Police
                268k187 Pensions and Benefit Funds
                    268k187(5) k. Disability Pension or Compensation. Most Cited Cases
Payment of benefits to police officers pursuant to General Municipal Law section relating to benefits for line-of-duty injury constitutes a property right. McKinney's General Municipal Law § 207-c.

[2] Municipal Corporations 268 ⇐=187(11)

268 Municipal Corporations
    268V Officers, Agents, and Employees
        268V(B) Municipal Departments and Officers Thereof
            268k179 Police
                268k187 Pensions and Benefit Funds

268k187(11) k. Revocation, Suspension, or Termination. Most Cited Cases
Village could not suspend or reduce pay to its police officers who had previously been totally disabled for line-of-duty injuries after officers complied with subsequent order to report for light duty without an evidentiary hearing, where medical documentation supported officers' claims that they could not do assigned tasks due to original disabling injuries. McKinney's General Municipal Law § 207-c.

*538 Bond, Schoeneck & King, PLLC, New York, N.Y. (Ernest R. Stolzer of counsel), for appellants.
Lovett & Gould, LLP, White Plains, N.Y. (Jonathan Lovett of counsel), for respondents.

ANITA R. FLORIO, J.P., STEPHEN G. CRANE, DAVID S. RITTER, and STEVEN W. FISHER, JJ.

In a proceeding pursuant to CPLR article 78, the appeal is from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Adler, J.), entered August 30, 2005, as, in effect, prohibited the appellants from terminating or reducing future payments to the petitioners made pursuant to General Municipal Law § 207-c, except upon a full evidentiary hearing.

ORDERED that the judgment is affirmed insofar as appealed from, with costs.

The petitioners are police officers in the Village of Pelham. The petitioners were totally disabled for a period of time by line-of-duty injuries, and during this period, the appellants, the Chief of Police of the Village of Pelham, the Village Administrator of the Village of Pelham, and the Village of Pelham (hereinafter collectively referred to as the Village) were paying the petitioners their full salaries pursuant to General Municipal Law § 207-c. The petitioners were subsequently medically cleared for, and directed to report for, light transitional duty assignments, and they commenced working such assignments. The petitioners claim, however, that after returning to work, they were unable to complete their assigned tours due to pain from their prior injuries. As a result, they

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

either left early or failed to report for work on certain days. The Village refused to pay the petitioners for the hours and days they did not work (hereinafter the docked salary). The petitioners then commenced this proceeding, inter alia, to compel the payment of the docked salary and to stop the Village from discontinuing payment of their full salary without a prior evidentiary hearing.

The Supreme Court granted the petition in its entirety, directing payment of the docked salary and directing the Village not to terminate or reduce future salary payments to the petitioners without a prior evidentiary hearing. The Village appeals only from that portion of the order and judgment directing it to hold an evidentiary hearing before reducing or withholding future salary payments to the petitioners.

[1][2] Payment of benefits pursuant to General Municipal Law § 207-c constitutes a property right (*see Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v. City of Cohoes, 94 N.Y.2d 686, 691, 709 N.Y.S.2d 481, 731 N.E.2d 137*). Where, as here, the petitioners received such benefits in the form of salary payments pursuant to General Municipal Law § 207-c, and then, having complied with a subsequent order to report for light duty, they later allege, with supporting medical documentation, that they cannot complete their assigned tasks due to the original disabling injuries, those benefits cannot be suspended or reduced in the absence of an evidentiary hearing. Accordingly, the Supreme Court properly directed the Village not to terminate or reduce such benefits without first conducting an evidentiary hearing (*see Goglia v. Sardino, 64 N.Y.2d 1084, 489 N.Y.S.2d 905, 479 N.E.2d 250; Matter of Hodella v. Chief of Police of Town of Greenburgh, 73 A.D.2d 967, 968, 424 N.Y.S.2d 255; cf. *539Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v. City of Cohoes, supra at 691-692, 709 N.Y.S.2d 481, 731 N.E.2d 137; Matter of Park v. Kapica, 25 A.D.3d 801, 808 N.Y.S.2d 758*).

N.Y.A.D. 2 Dept.,2006.
DeMasi v. Benefico
34 A.D.3d 472, 823 N.Y.S.2d 537, 2006 N.Y. Slip Op. 08125

Briefs and Other Related Documents (Back to top)

• 2006 WL 3358693 (Appellate Brief) Reply Brief for Respondents-Appellants (May 11, 2006)
• 2006 WL 3358692 (Appellate Brief) Brief of Petitioners-Respondents (Apr. 26, 2006)
• 2006 WL 3358691 (Appellate Brief) Brief for Respondents-Appellants (Mar. 30, 2006)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Exhibit D

# State of New York,
## Court of Appeals

*At a session of the Court, held at Court of Appeals Hall in the City of Albany on the*................. third ................................*day of*............ May............................ 2007

**Present,**   HON. JUDITH S. KAYE, *Chief Judge, presiding.*

2-10        Mo. No.  348
In the Matter of Joseph DeMasi et al.,

                     Respondents,
             v.
Joseph Benefico, &c., et al.,
                     Appellants.

A motion for leave to appeal to the Court of Appeals in the above cause having heretofore been made upon the part of the appellants herein and papers having been submitted thereon and due deliberation having been thereupon had, it is

ORDERED, that the said motion be and the same hereby is denied.

*Stuart M. Cohen*

Stuart M. Cohen
Clerk of the Court



*State of New York*
*Court of Appeals*

*Stuart M. Cohen*
*Clerk of the Court*

*Clerk's Office*
*Albany, New York 12207-1095*

DECISION May 3, 2007

2-10      Mo. No. 348                    Motion for leave to appeal denied.
In the Matter of Joseph DeMasi et
al.,
                    Respondents,
            v.
Joseph Benefico, &c., et al.,
                    Appellants.

# Exhibit E



BOND, SCHOENECK & KING, PLLC

ATTORNEYS AT LAW ■ NEW YORK  FLORIDA  KANSAS

ERNEST R. STOLZER
Direct: 646-253-2326
estolzer@bsk.com

September 11, 2007

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Jonathan Lovett, Esq.
Lovett & Gould
222 Bloomingdale Road
White Plains, NY 10605

Re:    *DeMasi and Ragno v. Benefico, et al.*
       *Appellate Division Docket No.: 2005-09828*

Dear Mr. Lovett:

Enclosed please find checks to Joseph F. DeMasi, Jr. and Dominick Ragno, Jr. in satisfaction of the back pay ordered as a remedy by the Appellate Division, Second Department in the above-captioned case. The larger checks for each individual are for wages paid pursuant to Section 207-a of the General Municipal Law from which neither taxes nor FICA were withheld. The smaller checks are for interest on those monies and taxes were taken from those amounts.

Very truly yours,

BOND, SCHOENECK & KING, PLLC

Ernest R. Stolzer

ERS
Enclosures

cc:    Richard Slingerland

ADP

TFN  002904  003120    0000060806  1

**Earnings Statement**

VILLAGE OF PELHAM
PAYROLL A/C
195 SPARKS AVENUE
PELHAM, NY 10803

Period Ending:    09/10/2007
Pay Date:         09/10/2007

Taxable Marital Status:    Married
Exemptions/Allowances:
  Federal:    4
  NY:         2

JOSEPH F DEMASI JR

Social Security Number: ████████

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Wcomp Long |    |       | 42,207.55   |              |
| **Gross Pay** |  |    | **$42,207.55** | 49,536.57 |

| Deductions | Other |  | this period | year to date |
|------------|-------|--|-------------|--------------|
| Post Dental |     |  | -1.75.42    |              |
| **Net Pay** |     |  | **$42,207.55** |          |

* Excluded from federal taxable wages

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

VILLAGE OF PELHAM
PAYROLL A/C
195 SPARKS AVENUE
PELHAM, NY 10803

Payroll check number  0000060806
09/10/2007

Pay to the
order of      JOSEPH F DEMASI JR

This amount    FORTY TWO THOUSAND TWO HUNDRED SEVEN AND 55/100 DOLLARS    $42207.55

JPMORGAN CHASE BANK
PELHAM, NY 10803

⑈000060806⑈ ⑆021000021⑆ 2550256 29⑈

TFN   002904 003120   0000060807   2

# Earnings Statement

ADP®

*VILLAGE OF PELHAM*
*PAYROLL A/C*
*195 SPARKS AVENUE*
*PELHAM, NY 10803*

Period Ending:   09/10/2007
Pay Date:        09/10/2007

Taxable Marital Status:   Married
Exemptions/Allowances:
  Federal:   4
  NY:        2

JOSEPH  F  DEMASI  JR

Social Security Number: ▓▓▓▓▓▓

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Misc |  |  | 6,969.44 | 6,969.44 |
| **Gross Pay** |  |  | **$6,969.44** | **56,506.01** |

| Deductions | Statutory | | | |
|---|---|---|---|---|
| | Federal Income Tax | -1,303.01 | 1,303.01 |
| | Social Security Tax | -432.11 | 432.11 |
| | Medicare Tax | -101.06 | 101.06 |
| | NY State Income Tax | -469.27 | 469.27 |
| | **Other** | | |
| | Post Dental | | 176.42 |
| | **Net Pay** | **$4,663.99** | |

Your federal taxable wages this period are
$6,969.44

© 2000 ADP, INC.

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTO

VILLAGE OF PELHAM
PAYROLL A/C
195 SPARKS AVENUE
PELHAM, NY 10803

Payroll check number  0000060807
09/10/2007

Pay to the
order of     JOSEPH F DEMASI JR

this amount   FOUR THOUSAND SIX HUNDRED SIXTY THREE AND 99/100 DOLLARS      $4663.99

JPMORGAN CHASE BANK
PELHAM, NY 10803

*Richard Slingerland*
*Edward Hotchkiss*

⑈000060807⑈ ⑆021000021⑆ 2550256 29⑈



UNITED STATES POSTAL SERVICE WESTCHESTER NY 105

17 SEP 2007 PM 2 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Ernest R. Stolzer, Esq.
Bond, Schoeneck & King, PLLC
330 Madison Avenue, 39th Floor
New York, New York  10017

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent  ☐ Addressee<br>B. Received by (*Printed Name*)  C. Date of Delivery<br>S. Zodril  7/17/7 |
| 1. Article Addressed to:<br><br>Jonathan Lovett, Esq.<br>Lovett & Gould<br>222 Bloomingdale Road<br>White Plains, NY 10605 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☑ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label)  7006 2760 0001 5251 0169 | |
| PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540 | |