UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSEPH DEMASI,                                                    07 Civ. 8049 (WCC)

                                Plaintiff,

                   - against -

JOSEPH BENEFICO, individually, RICHARD
SLINGERLAND, individually, and the VILLAGE OF
PELHAM, New York,

                                Defendants.

------------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**


                                                MIRANDA SOKOLOFF SAMBURSKY
                                                SLONE VERVENIOTIS LLP
                                                Attorneys for Defendants
                                                240 Mineola Boulevard
                                                Mineola, New York 11501
                                                (516) 741-7676
                                                Our File No.: 07-585

Of Counsel:
    Steven C. Stern

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ..................................................................................................... ii

**PRELIMINARY STATEMENT** ...............................................................................................1

**STATEMENT OF FACTS**........................................................................................................1

      **BACKGROUND FACTS** ..............................................................................................1

      **PROCEDURAL HISTORY**...........................................................................................2

**ARGUMENT**...............................................................................................................................

**POINT I**

      **THE AVAILABILITY OF THE ARTICLE 78
PROCEEDING PRECLUDES PLAINTIFF'S
FEDERAL DUE PROCESS CLAIM IN THIS ACTION**..................................3


**POINT II**

      **DEFENDANTS BENEFICO AND SLINGERLAND ARE
ENTITLED TO QUALIFIED IMMUNITY FROM LIABILIITY**...................7

**CONCLUSION** .........................................................................................................................11

# **TABLE OF AUTHORITIES**

**Cases**

Alfaro Motors, Inc. v. Ward, 814 F.2d 883 (2d Cir. 1987)............................................................... 4

Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034 (1987) ........................................................ 7

Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701 (1972)............................ 3

Christ the King Regional High School v. Culvert, 815 F.2d 219 (2nd Cir. 1987)........................... 4

Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S. Ct. 1487 (1985) ....................... 3

Drogan v. Ward, 675 F. Supp 832 (S.D.N.Y. 1987)........................................................................ 4

Francis v. Coughlin, 891 F.2d 43 (2d Cir. 1989) ............................................................................ 8

Giglio v. Dunn, 732 F.2d 1133 (2d Cir.1984) ................................................................................ 4

Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1992) ............................................................ 7

Hellenic American Neighborhood Action Committee v. City of New York, 101 F.3d 877
    (2nd Cir. 1996), cert. dismissed 521 U.S. 1140, 118 S.Ct. 15 (1997) ......................................... 4

Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194 (1984) ......................................................... 3,4,5

Interboro Inst., Inc. v. Foley, 985 F.2d 90 (2d Cir. 1993) ............................................................... 4

Jermosen v. Smith, 945 F.2d 547 (2d Cir. 1991) ............................................................................ 8

Larkin v. Savage, 318 F.3d 138 (2d Cir. 2003) .............................................................................. 3

Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092 (1986) ................................................................. 7

Mathews v. Eldridge, 424 U.S. 564, 96 S.Ct. 893 (1976) ............................................................... 3

McDarby v. Dinkins, 907 F.2d 1334 (2d Cir. 1990)....................................................................... 4

McNill v New York City Department of Correction, 950 F. Supp. 564 (S.D.N.Y. 1996) .................. 3

Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806 (1985).............................................................. 7

Oliveira v. Mayer, 23 F.3d 642 (2d Cir. 1994), cert. denied, 513 U.S. 1076 (1995)......................... 7

Park v. Kapica, 8 N.Y.3d 302, 832 N.Y.S.2d 885(2007) ................................................................ 9

Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908 (1981) ................................................................. 3

Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151 (2001) .................................................................... 7

Vailez v. New York City Housing Authority, 783 F. Supp 109 (S.D.N.Y. 1991) ......................... 4

Washington Square Post No. 1212 v. Maduro, 907 F.2d 1288 (2d Cir. 1990) ................................ 7

Zinermon v. Burch, 494 U.S. 113, 110 S.Ct. 975 (1990) ............................................................... 5

**Statutes**

420 U.S.C. § 1983......................................................................................................................... 4
Gen. Mun. Law § 207-c ........................................................................................................ 1,8,9,10
Gen. Mun. Law § 207-m................................................................................................................. 9

## PRELIMINARY STATEMENT

This action involves plaintiff Joseph DeMasi's attempt to double-dip by asserting a Fourteenth Amendment Due Process claim based upon previously contested General Municipal Law § 207-c benefits which have now been paid. This action should be dismissed, as plaintiff was already afforded an adequate state law remedy by virtue of an Article 78 proceeding at which he prevailed. As the wages in issue have since been paid, with interest, the action should also be dismissed based upon the doctrine of accord and satisfaction. Finally, the claims against individually-named defendants, Joseph Benefico and Richard Slingerland, should be dismissed as they are entitled to qualified immunity.

## STATEMENT OF FACTS

**BACKGROUND FACTS**[1]

Plaintiff Joseph DeMasi alleges that he suffered "an on-the-job disabling injury" to his back on April 22, 2002. (Exh. A, ¶7). Pursuant to General Municipal Law § 207-c, he was afforded the "full amount of his regular salary or wages … [and] all medical treatment and hospital care necessitated by reason of such injury or illness." Gen. Mun. Law § 207-c(1).

After two and a half years on Section 207-c leave, Offer DeMasi was directed to report for a light duty assignment on November 15, 2004, based upon a medical report from the Department physician stating that he could perform such light duty assignments. (Exh. F). Although DeMasi refused to do so, the Village continued to pay plaintiff's 207-c benefits and requested specific medical information from plaintiff to substantiate his position that he was unable to work. (Exh. F). In response, plaintiff's physician indicated that plaintiff was able to

---

[1] These background facts are being provided for the Court's edification and not because they necessarily have a bearing on the legal issues presented by this motion.

work light duty as long as there is no exposure to potentially harmful situations. (Exh. F). The Village directed plaintiff to report for desk duty work on December 7, 2004, which he declined to do. (Exh. F).

The Village then sent plaintiff for an examination by an orthopedist, who also opined that plaintiff could physically perform light duty. The report was forwarded to plaintiff's physician, who did not timely respond and plaintiff was directed to report for light duty on February 9, 2005. Plaintiff returned to work on or about February 9, 2005; plaintiff's physician thereafter submitted a note indicating that plaintiff could, in fact, perform light duty assignments. (Exh. F).

Since there was no longer any medical dispute that plaintiff could perform light duty, as of February 21, 2005 the Village began to pay plaintiff only for the hours that he worked. Plaintiff did not report to work for 34 out of 60 days through May 31, 2005, and worked limited hours on the days that he did come to work.

## **P**ROCEDURAL **H**ISTORY

Plaintiff brought an Article 78 proceeding in the Supreme Court, Westchester County, on April 18, 2005, with co-petitioner, Domenic Ragno, who is not a party to this action. Plaintiff's current attorneys, Lovett & Gould, LLP, also represented plaintiff in the Article 78 proceeding. Plaintiff alleged in the Article 78 Petition that he had been improperly denied the same Section 207-c benefits that are the subject of this lawsuit.

In a decision dated August 26, 2005, the state court found in favor of plaintiff and directed the Village to resume payment of plaintiff's salary pursuant to Section 207-c, retroactive to February 21, 2005. (Exh. B). The decision was affirmed by the Appellate Division, Second

Department in a decision dated November 8, 2006. (Exh. C). The Village filed a motion for leave to appeal to the Court of Appeals, which was denied on May 3, 2007. (Exh. D).

The Village then sent plaintiff a check for the total amount awarded, plus interest, on September 11, 2007 in full satisfaction of the judgment. (Exh. E). Plaintiff does not appear to dispute that the previously unpaid Section 207-c benefits were paid in full and does not appear to claim them in this action.

## ARGUMENT

## POINT I

### THE AVAILABILITY OF THE ARTICLE 78 PROCEEDING PRECLUDES PLAINTIFF'S FEDERAL DUE PROCESS CLAIM IN THIS ACTION.

In order to sustain a claim for a violation of procedural due process, the plaintiff must first identify a protected liberty or property interest and then must allege facts that the government "deprived it of the interest without constitutionally adequate procedures." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 2702-03 (1972); Mathews v. Eldridge, 424 U.S. 564, 96 S.Ct. 893 (1976); Cleveland Board of Education v. Loudermill, 470 U.S. 532, 541, 105 S. Ct. 1487,1492 (1985); McNill v New York City Department of Correction, 950 F. Supp. 564, 572 (S.D.N.Y. 1996).

The availability of an adequate state law remedy also bars a suit alleging a property deprivation as the result of procedural due process violation. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); Larkin v. Savage, 318 F.3d 138 (2d Cir. 2003). Thus, where "existing state remedies are adequate to satisfy the requirements of due process, the plaintiff may be precluded from stating a cause of action under § 1983." Parratt v. Taylor, 451 U.S. 527, 543-44, 101 S.Ct. 1908, 1916-17 (1981). But where plaintiff does not directly challenge the state

procedures *per se*, the existence of an adequate state remedy to redress the alleged wrong means that deprivation of property was not "without due process of law." Drogan v. Ward, 675 F. Supp. 832, 837 (S.D.N.Y. 1987) (citing Parratt, 451 U.S. at 543-44).

The federal court's primary inquiry is whether the state has provided adequate remedies to redress such unlawful acts. If so, there will be no claim before the federal court. See Vailez v. New York City Housing Authority, 783 F. Supp 109, 114 (S.D.N.Y. 1991) (citing Drogan v. Ward, 675 F. Supp 832, 837 (S.D.N.Y. 1987)).

It is well-established that "[a]n Article 78 proceeding is a perfectly adequate postdeprivation remedy . . ." Hellenic American Neighborhood Action Committee v. City of New York, 101 F.3d 877 (2nd Cir. 1996), cert. dismissed 521 U.S. 1140, 118 S.Ct. 15 (1997) (citing Interboro Inst., Inc. v. Foley, 985 F.2d 90, 93 (2d Cir. 1993); McDarby v. Dinkins, 907 F.2d 1334, 1338 (2d Cir. 1990); Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 888 (2d Cir. 1987); Giglio v. Dunn, 732 F.2d 1133, 1135 (2d Cir.1984)). "Additionally, constitutional issues can be decided in Article 78 proceedings." Id. at 881 (citing Christ the King Regional. High School v. Culvert, 815 F.2d 219, 224-25 (2nd Cir. 1987)).

"An Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in an § 1983 suit." Hellenic American Neighborhood Action Committee v. City of New York, 101 F.3d at 881 (citing Hudson v. Palmer, 468 U.S. 517, 535, 104 S.Ct. 3194 (1984)). In Hudson, as in Parratt, the plaintiff was an inmate who claimed, *inter alia*, destruction of his personal property by prison officials. The Court held that several common law remedies provided the plaintiff with adequate compensation for his property loss. While the Court acknowledged that "Palmer might not be able to recover under these remedies the full amount which he may receive in a § 1983 action," it

held that this conclusion was "not … determinative of the adequacy of the state remedies." Palmer, 468 U.S. at 535.

It bears significance that the availability of the Article 78 proceeding does not simply provide a *remedy* for a due process violation, rather "Parratt, Hudson and their progeny … emphasize that there *is no* constitutional violation (and no available § 1983 action) when there is an adequate state postdeprivation procedure …." Hellenic American Neighborhood Action Committee v. City of New York, 101 F.3d at 882 (emphasis in original) (citing Zinermon v. Burch, 494 U.S. 113, 132, 110 S.Ct. 975, 986-87 (1990); Parratt, 451 U.S. at 541; Hudson v. Palmer, 468 U.S. at 531, 533).  Thus, the fact that the Article 78 proceeding was available to the plaintiff precludes a finding by this Court that there has even been a due process violation in the first instance.

The Village had compensated the plaintiff for all of the wages that had previously been withheld, plus interest.  Thus, under the principle of accord and satisfaction, he has been made whole.  Nevertheless, plaintiff references in the complaint that he has been "caused to suffer: pecuniary losses; lapses in continuity of service for purposes of retirement benefits; anxiety; emotional upset; public embarrassment; public humiliation; shame; and he has otherwise been rendered sick and sore." (Exh. A, ¶14).  Given the fact that he has already been compensated for the withheld wages, plus interest, there can be no "pecuniary losses."  In addition, since these wages have been restored, so will any concomitant "lapse in continuity of service for purposes of retirement benefits."  To the extent that it had in any way been affected, the parties agree that the New York State Retirement System should restore time deducted from plaintiff's benefits in accordance with the determination in the Article 78 proceeding.

The only remaining claims for plaintiff to pursue in this action are the claims sounding in emotional distress. Because the Article 78 proceeding afforded plaintiff an adequate state law remedy, plaintiff does not state a claim for a due process violation and his claim for emotional damages must, therefore, be dismissed.

# POINT II

## DEFENDANTS BENEFICO AND SLINGERLAND ARE ENTITLED TO QUALIFIED IMMUNITY FROM LIABILIITY.

Police Chief Joseph Benefico and Village of Pelham Administrator Richard Slingerland are entitled to qualified immunity from liability. As a threshold matter, it is axiomatic that qualified immunity is "an immunity from suit rather than the mere defense to liability and is effectively lost if the case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985). Thus, this determination should be made at this stage of the proceedings.

The question of qualified immunity is independent from the merits of the underlying action and must be separately examined. Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151 (2001); Washington Square Post No. 1212 v. Maduro, 907 F.2d 1288, 1292 (2d Cir. 1990) (citing Mitchell, 472 U.S. at 527-28, 105 S.Ct. 2806)). The application of qualified immunity is important since it is inevitable that "officials will, in some cases, reasonably but mistakenly [take actions that are later found to be illegal]; in such cases those officials . . . who act in ways they reasonably believe to be lawful, should not be held personally liable." Anderson v. Creighton, 483 U.S. 635, 641, 107 S.Ct. 3034 (1987) (citing Malley v. Briggs, 475 U.S. 335, 344-45, 106 S.Ct. 1092 (1986)); see also Oliveira v. Mayer, 23 F.3d 642, 648 (2d Cir. 1994), cert. denied, 513 U.S. 1076 (1995).

The purpose of qualified immunity is to protect government employees from civil liability where performance of their discretionary functions "does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727 (1992). The Supreme Court in Saucier held that district courts must begin the qualified immunity determination with an analysis of whether, on the facts alleged, the official's conduct violated a constitutional right. Saucier, 533 U.S. at 200-01, 171 S.Ct. 2151. Assuming, *arguendo*, that the first prong is satisfied, that is a constitutional violation is established

7

on the facts alleged, "the next, sequential step is to ask whether the right was 'clearly established'" at the time of the alleged incident. Id. at 201. The "clearly established" inquiry requires that "if the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." Saucier, 533 U.S. at 202-03.

In order to determine whether a federal right was clearly established, the Second Circuit considers whether: (a) the right was defined with "reasonable specificity"; (b) the right is supported by Supreme Court and Second Circuit precedent; and (c) "whether under preexisting law a reasonable defendant official would have understood that his or her acts were unlawful." Jermosen v. Smith, 945 F.2d 547, 550 (2d Cir. 1991) (citing Francis v. Coughlin, 891 F.2d 43, 46 (2d Cir. 1989)).

As set forth above, defendants submit that plaintiff fails to state a due process claim as a matter of law. Because plaintiff fails to state a claim for a constitutional violation, let alone a clearly established constitutional violation of which a reasonable person would have known, the claims against the individual defendants must be dismissed.

Nevertheless, assuming *arguendo* that the plaintiff could establish a constitutional violation, under the current law no reasonable official in defendants Benefico or Slingerland's shoes would have understood that his actions were unlawful. General Municipal Law § 207-c(3) provides as follows:

> If such a policeman is not eligible for or is not granted such accidental disability retirement allowance or retirement for disability incurred in performance of duty allowance or similar accidental disability pension and is nevertheless, in the opinion of such health authorities or physician, unable to perform his regular duties as a result of such injury or sickness <u>but is able, in their opinion, to perform specified types of light police duty, payment of the full amount of regular salary or wages, as provided by subdivision one of this section, shall be discontinued with respect to such policeman if he shall refuse to perform such light police</u>

8

>     <u>duty if the same is available and offered to him</u>, provided, however, that such light duty shall be consistent with his status as a policeman and shall enable him to continue to be entitled to his regular salary or wages, including increases thereof and fringe benefits, to which he would have been entitled if he were able to perform his regular duties.

Gen. Mun. Law § 207-m (emphasis supplied); <u>see also</u> <u>Park v. Kapica</u>, 8 N.Y.3d 302, 832 N.Y.S.2d 885(2007) (municipality may discontinue disability payments once its medical examiner finds that the officer can perform a light-duty assignment and officer refuses to perform that duty).

As set forth in the accompanying affidavit of Richard Slingerland (which was submitted in connection with the Article 78 proceeding), plaintiff had been medically cleared to work light duty. (Exh. F, ¶¶19-32). Since the statute provides that the Village was entitled to discontinue the Section 207-c benefits if the plaintiff refused to work light duty, a reasonable interpretation of the statute entitled the Village to discontinue 207-c benefits to the plaintiff.

On November 17, 2004, plaintiff's physician informed the Village that plaintiff "can persist with on light duty as long as there is not exposure to potential harmful situation." (Exh. F, p. 64).[2] Furthermore, Dr. Panio, an orthopedist who examined the plaintiff on or about December 23, 2004, answered yes to the following questions, indicating that plaintiff was able to perform the following duties "for a full 40-hour workweek":

>     a.    Is the officer in question physically capable of answering phones, while seated?
>     b.    Is the officer in question physically capable of dispatching police calls while seated?
>     c.    Is the officer in question physically capable of monitoring but not having any physical contact with prisoners, outside of closed prisoner cells?
>     d.    Is the officer in question physically capable of typing and computer record entry, while seated?

---

[2] The documents included in Exhibit "F" are the Affidavit of Richard Slingerland, and the accompanying Exhibits "I" through "S" that were submitted in connection with the state court Article 78 proceeding. The exhibits to Mr. Slingerland's Affidavit are referenced herein by their page number from the record on appeal, which is denoted at the top of each page.

9

      e.      Is the officer in question physically capable of interacting with the public through a glass partition, while seated?

(Exh E, pages 69-71).

By letter dated February 11, 2005, plaintiff's physician, Dr. Unis, reconfirmed that plaintiff could "remain on light duty …." (Exh. F, p. 89). Based upon this information, the Village terminated 207-c benefits and paid plaintiff for the hours that he worked. In accordance with the Section 207-c(3), plaintiff's light duty assignment was described in a letter to him, dated February 2, 2005, which stated:

> You will be assigned to light transitional duty, which may include a Dual Desk assignment as described in the attached Light/Transitional Duty Procedure Order Dated November 22, 2004. Such assignment is consistent with your physical status as described by Dr. Michael Panio in his opinion previously provided to the Village, enclosed with this letter.

(Exh. F, p. 85). The description of the Light/Transitional Duty assignment, set forth in a November 22, 2004 memorandum, was consistent with the duties that the physicians indicated plaintiff was capable of performing. (Exh. F., p. 86).

The information available to the Village indicated that plaintiff was capable of performing the light duty assignment that was given to him.[3] As Gen. Mun. Law § 207-c(3) entitled the Village to discontinue these benefits to a police officer who refused to perform the light duty assignment, its actions were objectively reasonable and did not violate clearly established law. In point of fact, plaintiff did not contest the fact that he was able to return to work on light duty, which terminating his General Municipal Law § 207-c status. Under these

---

[3] Although a subsequent letter from Dr. Unis, dated March 28, 2005 to the New York State Retirement System indicated that Dr. Unis gave him "consent to return home" if symptoms worsened while on light duty, this letter was neither directed to the Village nor did it contradict his opinion that plaintiff was capable of performing light duty. (Exh. F, p. 90).

circumstances, neither Chief Benefico nor Administrator Slingerland was on notice that terminating plaintiff's 207-c benefits would be "clearly unlawful."

## CONCLUSION

For the reasons set forth herein, defendants respectfully request that the Court dismiss this action in its entirety or, in the alternative, grant summary judgment to the individually-named defendants on the grounds of qualified immunity, together with such further and different relief as this Court deems proper and just.

Dated: Mineola, New York
       December 17, 2007

                              MIRANDA SOKOLOFF SAMBURSKY
                              SLONE VERVENIOTIS, LLP
                              Attorneys for Defendants
                              **JOSEPH BENEFICO,**
                              **RICHARD SLINGERLAND and**
                              **VILLAGE OF PELHAM**

By:   STEVEN C. STERN (SS 2573)
        240 Mineola Blvd.
        Mineola, New York 11501
        (516) 741-7676
        Our File No.: 07-585