UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

JOSEPH DeMASI,

                    Plaintiff,                    07 Civ. 8049 (WCC)

    -against-

JOSEPH BENEFICO, individually,
RICHARD SLINGERLAND, individually,
and the VILLAGE OF PELHAM, New York,

                    Defendants.

--------------------------------------------------------x

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

## Preliminary Statement

This memorandum of law is submitted in opposition to Defendants' motion, made pursuant to FRCP 12(b)(6) to dismiss the complaint on the alternative grounds that: i) it fails to state a claim; and/or ii) the individually named Defendants are entitled to qualified immunity.

## The Presently Indisputable Material Allegations of the Complaint

Plaintiff Joseph DeMasi was, at all times relevant to this complaint, a Police Officer employed by the Defendant Village of Pelham (Complaint at 3). Joseph Benefico, who is sued in his individual and personal capacities, at all times relevant to the complaint was the duly appointed Chief of Police of the Village (*id.* At 4). And Richard

Slingerland, who is also sued in his individual and personal capacities, at all times relevant to the complaint was the Village Administrator of the Defendant Village (*id.* At 5).

In 2002 Plaintiff suffered an on-the-job injury as a result of which he was accorded by way of property right the statutory, financial entitlements provided for in Section 207-c of the New York State General Municipal Law (*id.* At 7). In 2005 Defendants ordered Plaintiff to report for "light transitional duty", effective February 9, 2005, advising that in the event he were to leave before the completion of his assigned tour of duty he "will not be paid for time not worked" (*id.* At 9).

Plaintiff complied with the light transitional duty directive but, by reason of pain and/or physical discomfort due to his on-the-job injuries he was physically unable from time to time to either work an entire eight hour shift or to report for certain shifts (*id.* At 11).

Under the circumstances and without affording Plaintiff either a "due process hearing and/or any opportunity to be heard", commencing in the first week of March 2005 Defendants unilaterally discontinued and/or substantially reduced the monetary benefits to which Plaintiff was statutorily entitled under Section 207-c, refusing to pay him for time when he was either physically unable to complete a shift due to his on-the-job injuries and/or to work a particular shift for the same reason (*id.* At 12-13).

<u>Plaintiff's State Law Article 78 Proceeding</u>

In connection with a State Court challenge to the Defendants' unilateral termination of Section 207-c benefits without affording DeMasi either a pre-deprivation

2

due process hearing and/or even a mere opportunity to he heard, Supreme Court,

Westchester County held in pertinent respect (Exhibit B to Defendants' motion to

dismiss):

> "It is well-settled that 'disability benefits payable to police officers
>
> pursuant to General Municipal Law §207-c, once awarded, are a
>
> property interest that may not be terminated without procedural
>
> due process under the Fourteenth Amendment. . .In the present
>
> case, [DeMasi's] entitlement to benefits under General Municipal
>
> Law §207-c constitutes a property right protected by the constitutional
>
> guarantees of due process 'which may not be summarily discontinued
>
> or suspended without a prior evidentiary hearing, with notice and an
>
> opportunity afforded. . .to be  heard. . .Accordingly, [Slingerland
>
> and Benefico], in their respective official capacities as the Chief of
>
> Police of the Village of Pelham and the Village Administrator of the
>
> Village of Pelham, are directed to resume payment. . .of Officer
>
> DeMasi's full salary retroactive to February 21, 2005".

On appeal to the Appellate Division, Second Department, that Court affirmed

holding, in pertinent respect [Exhibit C to Defendants' motion to dismiss; DeMasi v.

Benefico, 34 A.D.3d 472; 823 N.Y.S.2d 537 (2006)]:

> "Payment of benefits pursuant to General Municipal Law
>
> §207-c constitutes a property right. . .Where, as here, [DeMasi]
>
> received such benefits in the form of salary payments. . .and then
>
> having complied with a subsequent order to report for light duty,

. . . later allege[s], with supporting medical documentation, that [he]

cannot complete [his] assigned duties due to the original disabling

injuries, those benefits cannot be suspended or reduced in the absence

of an evidentiary hearing. Accordingly, the Supreme Court properly

directed the Village not to terminate or reduce such benefits without

first conducting an evidentiary hearing".


### POINT I

### SINCE PLAINTIFF WAS NOT EVEN
### AN OPPORTUNITY TO BE HEARD
### PRIOR TO THE SUMMARY TERMINATION
### OF HIS PROPERTY RIGHTS, HIS FEDERAL
### DUE PROCESS CLAIM MUST BE TRIED

On the premise that the "availability of the Article 78 proceeding precludes

Plaintiff's federal due process claim (Memorandum at 3), Defendants assert that

dismissal of the instant complaint is required. We disagree.

Since it is indisputable that Plaintiff had a vested property interest in his

continued receipt of Section 207-c benefits, it is axiomatic that for purposes of federal

law "procedural due process is satisfied if the government provides notice and a limited

opportunity to be heard prior to the termination, so long as a full adversarial hearing is

provided afterwards." Munafo v. Metropolitan Transportation Authority, 285 F.3d 201,

213 (2d Cir 2002); Locurto v. Safir, 264 F. 3d 154 (2d cir. 2001); Arteta v. County of

Orange, 141 Fed. Apx. 3 (2d Cir. 2005)("as long as a full post-termination hearing is

provided, the pre-termination hearing may be minimal"); Cleveland Board of Education

v. Loudermill, 470 U.S. 532, 546 (1985)(Prior to termination of a property right an

employee "is entitled to oral or written notice, an explanation of the employer's evidence, and an opportunity to present his side of the story").

Since absolutely no notice and/or explanation of the employer's "evidence" and/or any opportunity was afforded DeMasi prior to the termination of his property rights, the circumstance that a post-deprivation proceeding by way of Article 78 simply does not suffice for federal procedural due process purposes. Munafo, *supra*; Locurto, *supra*; Arteta, *supra*; Loudermill, *supra*.

Defendants argument that "availability of an adequate state law remedy. . .bars a suit alleging a property deprivation" (Memorandum at 3), is wide of the mark. For under federal case law the Article 78 post-deprivation proceeding cannot be "adequate" absent some minimal hearing giving notice, the employer's "evidence" and an employee the opportunity to offer his "side of the story". In that connection random and/or unanticipated misconduct such as that challenged in Parratt v. Taylor, 451 U.S. 527 (1981) and/or Hudson v. Palmer, 468 U.S. 517 (1984), improvidently relied upon by movants here (Memorandum at 3-4), is irrelevant.


## POINT II

### SINCE BENEFICO AND SLINGERLAND VIOLATED CLEARLY ESTABLISHED STATUTORY AND CONSTITUTIONAL LAW, QUALIFIED IMMUNITY IS NOT A DEFENSE TO THIS ACTION

Appreciating that qualified immunity is available to an individually sued municipal corporate official where is discretionary functions "violate clearly established statutory or constitutional rights of which a reasonable person should have known"

5

(Memorandum at 7), Defendants Slingerland and Benefico assert that neither of them "was on notice that terminating plaintiff's 207-c benefits would be 'clearly unlawful'" (Memorandum at 10-11). Again we disagree, a conclusion which is supported by the two decisions in DeMasi's Article 78 proceeding (Exhibits B and C to Defendants' motion to dismiss).

It is indisputable that Benefico and Slingerland summarily stripped Plaintiff of his 207-c property rights effective February 21, 2005. That conduct, for the reasons set forth in Point I, *supra,* violated very well settled federal case law.

Moreover, that conduct also violated well-settled New York State case law to the same effect. Thus in concluding that that final administrative action violated Plaintiff's procedural due process rights, Supreme Court, Westchester County cited no less than eight case precedents - - all predating February 21, 2005 - - which clearly held that 207-c benefits are a property right which cannot be discontinued or suspended without a <u>prior</u> hearing: "*Matter of Dacy v. County of Dutchess*, 121 A.D.3d at 537; see also *Matter of Hodella*, 73 A.D.2d at 968; *Matter of Schenectady County Sheriff's Benevolent Assn v. McEvoy*, 124 A.D.2d 911. . .*Matter of Crawford v. Sheriff's Dept., Putnam County*, 152 A.D.2d 382. . .; *Matter of Hamilton v. City of Schenectady*, 210 A.D.2d 843, 844. . .; *Matter of Mehan v. County of Tompkins,* 219 A.D.2d 774, 775. . .; *Matter of Gamma v. Bloom*, 274 A.D.2d 14; *Fiorella v. Village of Scarsdale*, 96 Misc.2d 406. . .".

And in affirming the judgment of the lower Court, the Appellate Division similarly cited no less than five dispositive cases - - the decision in each of which predated the summary deprivation to which Plaintiff was subjected in the case at bar: "*see Goglia v. Sardino*, 64 N.Y. 2d 1084. . .; *Matter of Hodella v. Chief of Police of Town of*

*Greenburgh*, 73 A.D.2d 967; *cf. Matter of Uniform Firegifters of Cohoes, Local 2562,*

*IAFF, AFL-CIO v. City of Cohoes. . .Matter of Park v. Kapica*, 25 A.D.3d 801. . .".

In short Slingerland and Benefico's conduct violated extremely well-settled law a

circumstance that any competent municipal official in New York State would have

clearly appreciated. Qualified immunity is therefore not available to them.


### Conclusion

The motion to dismiss should, in all respects, be denied.

Dated: White Plains, N.Y.
     December 31, 2007

                                LOVETT & GOULD, LLP
                                By:_____
                                Jonathan Lovett (4854)
                                Attorneys for Plaintiff
                                222 Bloomingdale Road
                                White Plains, N.Y. 10605
                                914-428-8401