UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSEPH DEMASI,                                                                      07 Civ. 8049 (WCC)

                        Plaintiff,

              - against -

JOSEPH BENEFICO, individually, RICHARD
SLINGERLAND, individually, and the VILLAGE OF
PELHAM, New York,

                        Defendants.
------------------------------------------------------------------------X


**DEFENDANTS' REPLY MEMORANDUM OF LAW**


                                               MIRANDA SOKOLOFF SAMBURSKY
                                               SLONE VERVENIOTIS LLP
                                               Attorneys for Defendants
                                               240 Mineola Boulevard
                                               Mineola, New York 11501
                                               (516) 741-7676
                                               Our File No.: 07-585


Of Counsel:
      Steven C. Stern [SS 2573]

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................ ii

**PRELIMINARY STATEMENT** ........................................................................................1

**POINT I**

    **PLAINTIFF'S SECTION 207-c BENEFITS WERE
    LAWFULLY TERMINATED AND DID NOT
    VIOLATE HIS FEDERAL DUE PROCESS RIGHTS**....................................................1

**POINT II**

    **DEFENDANTS BENEFICO AND SLINGERLAND
    ARE ENTITLED TO QUALIFIED IMMUNITY
    FROM LIABILITY** ........................................................................................................1

**CONCLUSION** ....................................................................................................................4

# TABLE OF AUTHORITIES

**Cases**

Arteta v. County of Orange, 141 Fed. Appx. 3 (2d Cir. 2005) (unpublished) .............................. 2

Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727 (1992) .................................................. 2, 3

Locurto v. Safir, 264 F.3d 154 (2d Cir. 2001) ............................................................................... 2

Munafo v. Metropolitan Transportation Auth., 285 F.3d 201, 213 (2d Cir. 2002) ........................ 1

Park v. Kapica, 8 N.Y.3d 302, 312, 832 N.Y.S.2d 885, 889 (2007) .............................................. 3

**Statutes**

N.Y. Gen. Mun. Law § 207-c ..................................................................................................... 1-3

**PRELIMINARY STATEMENT**

Defendants Joseph Benefico, Richard Slingerland, and the Village of Pelham submit this Reply Memorandum of Law in opposition to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Complaint. Plaintiff relies upon flawed reasoning based upon inapplicable case law to the Section 207-c context. As set forth below, defendants respectfully submit that the motion should be granted in its entirety.

**POINT I**

**PLAINTIFF'S SECTION 207-c BENEFITS WERE LAWFULLY TERMINATED AND DID NOT VIOLATE HIS FEDERAL DUE PROCESS RIGHTS.**

Contrary to his contention, the termination of plaintiff's Section 207-c benefits did not violate his federal due process rights. Plaintiff returned to work on February 9, 2005 on a full-time basis, after an examination by a physician who opined that plaintiff was physically able to perform a light duty assignment. In fact, at that time, plaintiff's physician agreed that plaintiff was capable of working. [Exh. F]. Given the uncontroverted evidence that plaintiff was able to return to a light duty assignment, Section 207-c permitted the Village to discontinue benefits at that time. A hearing was unnecessary, given the plaintiff's agreed to return and the availability of a post-deprivation Article 78 hearing. See Defendant's Memorandum of Law in Support, Point I.

The cases upon which plaintiff relies apply to the context of the termination of employment, not the termination of payment for sick leave. See Munafo v. Metropolitan Transportation Auth., 285 F.3d 201, 213 (2d Cir. 2002); Locurto v. Safir, 264 F.3d 154 (2d Cir. 2001); Arteta v. County of Orange, 141 Fed. Appx. 3 (2d Cir. 2005) (unpublished). These cases each dealt with the termination of employment itself, not the termination of employee benefits.

In the cases cited by plaintiff, only a "minimal" pre-termination hearing was required for the termination of the employment of a tenured public employee. See, *e.g.*, Locurto, 264 F3d at 171 ("some kind of hearing" required when terminating the employment of tenured public employees).

When plaintiff voluntarily returned to work, his Section 207-c benefits automatically terminated. None of the cases cited by plaintiff address this situation, nor do they dispute the fact that plaintiff returned to work without contesting his ability to perform the light duty assignment. Under these circumstances, defendants were entitled to terminate the benefits, and the post-deprivation Article 78 hearing was an adequate post-deprivation remedy that satisfied the requirements of due process under federal law.

For these reasons, defendants respectfully submit that this action should be dismissed in its entirety.

## POINT II

## DEFENDANTS BENEFICO AND SLINGERLAND ARE ENTITLED TO QUALIFIED IMMUNITY.

Notwithstanding the state court cases cited by plaintiff concerning the termination of Section 207-c benefits, the individually-named defendants' actions did not violate clearly established constitutional law. See Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727 (1992). As set forth in Point II of Defendants' Memorandum of Law in Support, Section 207-c(3) permits a municipality to discontinue such benefits without a hearing once the police officer is able to perform light duty. See Park v. Kapica, 8 N.Y.3d 302, 312, 832 N.Y.S.2d 885, 889 (2007) (municipality may discontinue disability payments once its medical examiner finds that the officer can perform a light-duty assignment and officer refuses to perform that duty). The statute

2

permits the termination of benefits under such circumstances and does not require a hearing. See Id. When plaintiff initially returned to work, he did not even contest his ability to work light duty.

Plaintiff did not cite a single case for the proposition that discontinuation of Section 207-c benefits without a prior hearing violates one's federal due process rights, let alone a case finding such a violation under the present circumstances in which plaintiff voluntarily returned to work with the approval of his physician and the department's physician. As defendants Benefico and Slingerland did not violate clearly established constitutional rights of which a reasonable person should have known, they are entitled to qualified immunity from liability.

For these reasons, defendants Benefico and Slingerland are entitled to qualified immunity and the claims against them should be dismissed.

## **CONCLUSION**

For the reasons set forth herein, defendants respectfully request that the Court dismiss this action in its entirety or, in the alternative, grant summary judgment to the individually-named defendants on the grounds of qualified immunity, together with such further and different relief as this Court deems proper and just.

Dated: Mineola, New York
       January 23, 2008

                            MIRANDA SOKOLOFF SAMBURSKY
                            SLONE VERVENIOTIS, LLP
                            Attorneys for Defendants
                            **JOSEPH BENEFICO,**
                            **RICHARD SLINGERLAND and**
                            **VILLAGE OF PELHAM**

By:    STEVEN C. STERN (SS 2573)
          240 Mineola Blvd.
          Mineola, New York 11501
          (516) 741-7676
          Our File No.: 07-585