```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X
                                              07 Civ. 8049 (WCC)
JOSEPH DeMASI,                      :
                                              **ECF CASE**
                 Plaintiff,         :

      - against -                   :         **OPINION**
                                              **AND ORDER**
JOSEPH BENEFICO, individually, RICHARD :
SLINGERLAND, individually, and the
VILLAGE OF PELHAM, New York,        :

                 Defendants.        :

- - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

<div style="margin-left:40%">

LOVETT & GOULD
**Attorneys for Plaintiff**
222 Bloomingdale Road
White Plains, New York  10605-1513

</div>

JONATHAN LOVETT, ESQ.

    Of Counsel

<div style="margin-left:40%">

MIRANDA SOKOLOFF SAMBURSKY SLONE
 VERVENIOTIS LLP
**Attorneys for Defendants**
240 Mineola Boulevard
Mineola, New York 11501

</div>

STEVEN C. STERN, ESQ.

    Of Counsel

Copies E-Mailed to Counsel of Record

**CONNER, Senior D.J.:**

Plaintiff, Joseph DeMasi, brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his due process rights under the Fourteenth Amendment of the United States Constitution when they terminated his benefits under N.Y. GEN. MUN. LAW § 207-c. Defendants, Joseph Benefico ("Benefico"), Richard Slingerland ("Slingerland") and the Village of Pelham, New York, (collectively "defendants"), move to dismiss plaintiff's claim pursuant to FED. R. CIV. P. 12(b)(6) on the grounds that plaintiff's benefits were lawfully terminated and his due process rights not violated.[1]  For the reasons stated below, defendants' motion is granted.

## BACKGROUND

Plaintiff, a member of the Village of Pelham Police Department, suffered an on-the-job injury on April 22, 2002 and as a result received benefits pursuant to section 207-c.[2] (Complt. ¶ 3, 7.) In a February 2, 2005 letter, defendants ordered that plaintiff report for light transitional duty on February 9, 2005, stating: "Neither you or your doctor have provided medical evidence that you are unable to work a full eight-hour tour of light transitional duty. If you leave before the end of your tour, you will not be paid for time not worked." (*Id.* ¶ 9.) Plaintiff alleges that his physician did

---

[1] Defendants also assert that defendants Benefico and Slingerland are entitled to qualified immunity from liability. Because we do not find a constitutional violation and we are granting defendants' motion to dismiss, we need not consider this argument.

[2] Section 207-c provides that a police officer, among other listed state employees, "who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment shall be paid by the municipality by which he is employed the full amount of his regular salary or wages until his disability arising therefrom has ceased . . . ." N.Y. GEN. MUN. LAW § 207-c(1).

provide "medical evidence which in words or substance made it clear . . . that due to his on-the-job injuries [p]laintiff from time to time would be unable to work a full eight-hour tour of light transitional duty and/or work certain of such tours." (*Id*. ¶ 10.)

Pursuant to N.Y. GEN. MUN. LAW § 207-c(3), if a police officer is unable to perform regular duties but is able to perform light duty in the opinion of health authorities or physicians, "payment of the full amount of regular salary or wages, as provided by subdivision one of this section, shall be discontinued . . . if he shall refuse to perform such light police duty if the same is available and offered to him . . . ." Plaintiff reported for light transitional duty but was unable to work an entire eight-hour shift or report for certain shifts from time to time because of pain. (*Id*. ¶ 11.) Starting in early March 2005, plaintiff was not paid for time when he was either physically unable to complete a shift or work a particular shift due to his on-the-job injuries. (*Id*. ¶ 12.) Plaintiff alleges that prior to that discontinuance of pay he was not accorded a due process hearing or an opportunity to be heard. (*Id*. ¶ 13.)

Plaintiff brought a proceeding pursuant to N.Y. C.P.L.R. § 7801 (an "Article 78 proceeding") in the Supreme Court, Westchester County, on April 18, 2005, seeking a judgment annulling defendants' termination of his section 207-c benefits. (Defs. Mem. Supp. Mot. Dismiss at 2; Stern Decl., Ex. B.) By decision dated August 30, 2005, that court determined that section 207-c benefits are a property right protected by constitutional guarantees of due process which may not be discontinued without a prior evidentiary hearing with notice and an opportunity to be heard. (Stern Decl., Ex. B at 7.) The court ordered that defendants resume payment of plaintiff's full salary retroactive to February 21, 2005 and that the issue of whether future payments may be terminated or reduced should be determined after an evidentiary hearing. (*Id.* at 8.) The order was affirmed by

the Appellate Division, Second Department in a decision dated November 8, 2006. (Stern Decl.,

Ex. C.) Plaintiff commenced this action on September 14, 2007.


## ANALYSIS

**I.**    **Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all of the well-

pleaded facts and consider those facts in the light most favorable to the plaintiff. *See Scheuer v.

Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183

(1984); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005); *In re AES Corp. Sec.

Litig.*, 825 F. Supp. 578, 583 (S.D.N.Y. 1993) (Conner, J.).   Furthermore, in assessing the legal

sufficiency of a claim, the court may consider only the facts alleged in the complaint, and any

document attached as an exhibit to the complaint or incorporated in it by reference. *See* Fed. R. Civ.

P. 10(c); *Dangler v. N.Y. City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999); *De Jesus

v. Sears, Roebuck & Co.,* 87 F.3d 65, 69 (2d Cir. 1996).  On a motion to dismiss, a court may also

consider matters "of which judicial notice may be taken under Fed. R. Evid. 201." *Kramer v. Time

Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).  Included among such matters are decisions in prior

lawsuits.   *See Jasper v. Sony Music Entm't, Inc.*, 378 F. Supp. 2d 334 (S.D.N.Y. 2005).  To

incorporate a document by reference, "the Complaint must make a clear, definite and substantial

reference to the document[]." *Thomas v. Westchester County Health Care Corp.*, 232 F. Supp. 2d

273, 275-76 (S.D.N.Y. 2002).  "Mere discussion or limited quotation of a document in a complaint"

is insufficient. *R.H. Damon & Co. v. Softkey Software Prods., Inc.*, 811 F. Supp. 986, 989 & n.1

(S.D.N.Y. 1993).

However, the Court may base its decision on a document that is not properly incorporated by reference if the document is "integral" to the Complaint and has been heavily relied on by the plaintiff in bringing suit.  *See Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565-66 (2d Cir. 2006); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) ("Although the amended complaint in this case does not incorporate the Agreement, it relies heavily upon its terms and effect; therefore, the Agreement is 'integral' to the complaint, and we consider its terms in deciding whether [plaintiff] can prove any set of facts that would entitle it to relief.")  The Second Circuit has instructed that "a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (emphasis in original).  The plaintiff's notice or possession of the document is not enough.  *Id.*

On a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the issue is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (internal quotation marks and citation omitted).  "The Supreme Court has recently held that [w]hile a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Ello v. Singh*, 531 F. Supp. 2d 552, 562 (S.D.N.Y. 2007) (internal quotation marks omitted; alterations in original) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)); *see Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d. Cir. 2007) (determining that the Court in *Twombly* "is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible

-4-

'plausibility standard' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*.") (emphasis in original). Generally, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34[1][b] (3d ed. 1997); *see also Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 (2d Cir. 1995). Allegations that are so conclusory that they fail to give notice of the basic events and circumstances of which plaintiff complains, are insufficient as a matter of law. *See Martin v. N.Y. State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir. 1978).

## II.     Plaintiff Was Accorded Due Process Under the Fourteenth Amendment

"An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)). When a person has a property interest that is terminated, "procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards." *Locurto v. Safir*, 264 F.3d 154, 171 (2d Cir. 2001) (citing *Loudermill*, 470 U.S. at 545-46). An Article 78 proceeding "is a perfectly adequate post[-]deprivation remedy." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996).

Because it is well established under New York law that plaintiff has a property interest in

Section 207-c benefits[3] and a full post-termination adversarial hearing, in the form of an Article 78 proceeding, was provided to plaintiff, the issue before us is whether plaintiff received "notice and a limited opportunity to be heard prior to termination."  *See Locurto*, 264 F.3d at 171.

Defendants argue that the availability of an adequate state law remedy, the Article 78 proceeding, precludes plaintiff from stating a cause of action under section 1983. (Defs. Mem. Supp. Mot. Dismiss at 3-4.)  We agree that this action must be dismissed, but not for this reason. Defendants cite several cases dismissing section 1983 claims because the plaintiffs had adequate remedy in a state post-termination proceeding.  (*Id*. (citing *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981)).)  However, these cases dealt with situations in which a property interest was terminated by the arbitrary or unanticipated conduct of a government actor.[4] *See Hudson*, 468 U.S. at 533 (stating that unauthorized negligent and intentional deprivations of property do not violate the Due Process Clause if pre-deprivation process is impracticable and adequate state post-deprivation remedies are available); *Parratt*, 451 U.S. at 543 (finding that inmate whose mail was lost and who brought suit under § 1983 had not alleged a due process violation because his property deprivation did not occur as a result of some established state procedure but because of the unauthorized failure of State agents to follow the established state procedure).  In cases where a property interest is terminated in such a way, courts have determined that it is not appropriate

---

[3] *See Gamma v. Bloom*, 274 A.D.2d 14, 16, 711 N.Y.S.2d 464 (2d Dep't 2000); *Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v. City of Cohoes*, 94 N.Y.2d 686, 691 (2000).  Indeed, defendants do not contest plaintiff's property interest in Section 207-c benefits.

[4] Defendants also cite *Vialez v. New York City Housing Authority*, 783 F. Supp. 109 (S.D.N.Y. 1991).  In that case, although the court determined that plaintiff did not have a due process claim because the state provided an adequate remedy via an Article 78 proceeding, the plaintiff did receive a notice of termination and a pre-termination hearing.  *Id*. at 110-11, 118. Therefore, *Vialez* is inapposite here.

to hold the government liable for the lack of a pre-termination procedure because the government could not anticipate the need for one. *See Parratt*, 451 U.S. at 540-41 (stating that although the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner, that does not always require a pre-termination hearing if it would be impracticable and at some time a full and meaningful hearing will be available); *Giglio v. Dunn*, 732 F.2d 1133, 1135 (2d Cir. 1984) (determining that due process was not violated when plaintiff was coerced to resign because it was "hard to visualize what sort of prior hearing the Constitution would require the employer to conduct" if the only dispute–whether the resignation was voluntary or involuntary–cannot be determined in advance and the state provides a meaningful post-deprivation hearing).

In this instance however, defendants state that plaintiff's rights were terminated pursuant to Section 207-c because a medical examiner determined that plaintiff was able to perform light-duty work. (Defs. Reply Mem. Supp. Mot. Dismiss at 2-3.) Therefore, defendants were acting pursuant to established state regulation. In situations where a government actor is acting pursuant to established state regulation, and therefore the act is a forseeable result, some minimal pre-termination proceeding is required. Defendants have not cited, nor are we aware of, any law to the contrary. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433-37 (1982) (holding that post-deprivation remedies do not satisfy due process where a deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized action). Indeed, defendants cite a case that makes this very point. (Defs. Mem. Supp. Mot. Dismiss at 4 (citing *Hellenic Am. Neighborhood Action Comm.*, 101 F.3d at 880-81).) The Second Circuit in *Hellenic American Neighborhood Action Committee* stated:

-7-

> When reviewing alleged procedural due process violations, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees. . . . In the latter case, the Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful postdeprivation remedy. . . . When the deprivation occurs in the more structured environment of established state procedures, rather than random acts, the availability of postdeprivation procedures will not, ipso facto, satisfy due process.

*Id*. at 880-81 (determining plaintiff's claims, alleging that due process violations were caused by a state official's actions in flagrant violation of the City Charter and Rules and not by an established state procedure, could not survive because New York provided adequate post-deprivation procedures) (internal citations omitted); *see McDarby v. Dinkins*, 907 F.2d 1334, 1337-38 (2d Cir. 1990) ("When the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations.").

Having determined that, at the very least, defendants were required to provide plaintiff with notice and a limited opportunity to be heard prior to the termination of his section 207-c benefits, we analyze whether plaintiff has stated a claim that defendants did not meet that requirement.[5] Plaintiff received a letter from defendants in February 2005 ordering him to report for light transitional duty, noting that neither he nor his doctor provided medical evidence that he was unable to perform such

---

[5] Defendants also argue that the requirement of a minimal pre-termination hearing applies only in the context of termination of employment, not termination of payment for sick leave. (Defs. Reply Mem. Supp. Mot. Dismiss at 1-2.) They argue that there is no case law establishing the right to a pre-termination hearing when an employee's benefits are automatically terminated because he returned to work voluntarily. (*Id*. at 2.) We are not persuaded by this argument. Due process requires some minimal pre-termination notice and an opportunity to be heard when any protected property interest is terminated. Because plaintiff's benefits are a protected property interest he has a right to some minimal pre-termination notice and opportunity to be heard.

duty, and stating that he would not be paid for time not worked. After receiving this letter plaintiff did in fact return to work. After plaintiff was found able to perform light duties, was notified by letter and did return to work, his benefits were terminated.

In determining whether the procedures afforded comport with the requirements of due process, the Court must examine and weigh various factors:

> (1) the nature of the private and state interests involved[;] (2) the extent of the risk that without a hearing the plaintiff might erroneously be deprived of property and the value of a prompt hearing as a safeguard against that risk; (3) whether the state has a reasonable opportunity to provide a hearing before the deprivation occurs[;] and (4) the extent of the administrative burden on the state of being required to provide a formal rather than an informal hearing.

*Signet Constr. Corp. v. Borg*, 775 F.2d 486, 491 (2d Cir. 1985) (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

Examining these factors, we conclude that the procedures here satisfy the requirements of procedural due process. The letter from defendants provided plaintiff with adequate notice that they considered him able to perform light duty and upon return to such duty he would be compensated only for time worked, meaning he would no longer receive section 207 benefits. Moreover, the letter stated that he had an opportunity to present evidence to the contrary, in other words, an opportunity to be heard. We can not conceive of any other procedures that would further safeguard against the risk of erroneous deprivation of benefits while simultaneously giving proper consideration to the administrative burden on the state if it were required to provide a more formal hearing in every such instance.

We also find support for our conclusion in *Vicks v. United States*, 2006 WL 3019717 (N.D.N.Y. Oct. 24, 2006). In *Vicks*, plaintiff brought an action claiming a tax refund because he was

receiving non-taxable benefits pursuant to section 207-a, a statute analogous to 207-c, for firefighters. *Id*. at *1. Defendants argued that plaintiff was receiving a taxable salary and plaintiff then moved for summary judgment on the ground that, among other things, once he was awarded benefits under section 207 they could not be revoked absent a revocation hearing, and since no hearing took place his compensation at that time was non-taxable. *Id*. The court recognized that section 207 benefits were a property interest giving rise to procedural due process protection, but did not agree with plaintiff that the benefits could never be terminated absent a hearing. *Id*. at *6. The court noted that pursuant to the statute an employee must make himself available for examination and after examination may be ordered to return to work. *Id*. The court determined that "[a] due process hearing is not required when such a return to work order is given *unless* the [recipient] presents evidence from his own physician of the [recipient's] continued total disability." *Id*. (emphasis in original). If the recipient does not provide such evidence, benefits may be discontinued if he refuses to perform light-duty assignments offered. *Id*. at 7. The plaintiff also argued that the benefits continued unabated even if the employee returned to work. *Id*. The court, however, disagreed, stating:

> It would be illogical for the New York State Legislature to include provisions in the statute so an employer could re-examine an injured [recipient] to see if he [is] capable of returning to work and to terminate benefits if [he] fails to submit to the examination or to accept light duty work he is capable of performing, but also require employers to pay Section 207[] benefits to [recipients] who do return to light duty work. In addition, case law indicates that once an injured [recipient] returns to work, his benefits are no longer paid under Section 207[] but rather are paid as regular wages and salary.

*Id*. (internal citations omitted). The court held that, absent authority to the contrary, upon a recipient's return to work for light duty, his Section 207 benefits ceased. *Id*.

Considering the facts as alleged in the Complaint, documents incorporated in the Complaint by reference and relied upon by plaintiff in forming the Complaint, and matters of which we may take judicial notice such as the decision in the Article 78 proceeding,[6] plaintiff has not sufficiently pled a claim for violation of his due process rights as guaranteed by the Fourteenth Amendment. Plaintiff was given adequate pre-termination notice and an opportunity to be heard when he received the February 2, 2005 letter stating that he must return to work absent any evidence from his physician to the contrary. Plaintiff alleges that his physician did provide medical evidence "in words or substance . . . that due to his on-the-job injuries [p]laintiff from time to time would be unable to work a full eight-hour tour of light transitional duty and/or work certain of such tours." (Complt. ¶ 10.)

However, plaintiff has not sufficiently pled that he provided evidence from his physician of his continued total disability which would bring the disability determination into issue and require some type of hearing before the order to report was enforced or the benefits terminated. Plaintiff's

---

[6] Defendants have attached numerous exhibits to the Stern Declaration submitted with their motion, including the State Supreme Court decision dated August 30, 2005, the State Appellate Division decision dated November 8, 2006, a letter from defendants' counsel to plaintiff's counsel dated September 11, 2007 with attachments, and the Affidavit of Richard Slingerland from the State action with attachments including the February 2, 2005 letter from defendants to plaintiff and two letters dated February 11 and March 28, 2005 from plaintiff's doctor. Excluding the February 2, 2005 letter that is incorporated by reference in the Complaint, the other exhibits are not attached to the Complaint or incorporated by reference and are not eligible for consideration that ground. *See Dangler*, 193 F.3d at 138. We take judicial notice of the State court decisions to establish the fact of the litigation but we do not consider the Slingerland Affidavit and the documents attached for the truth of the matters asserted and therefore we do not consider them on a motion to dismiss. *See Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("'A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'") (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998). We address the letters from plaintiff's doctor *infra*.

doctor wrote two letters, one on February 11, 2005 and one on March 28, 2005.[7]  The letter of

February 11 states that plaintiff's symptoms persist, but goes on to opine: "I do not see him returning

to full duty as a police officer.  He will remain on light duty and will return to the office in a month."

(Stern Decl., Ex. F at 89.)  The letter makes no mention at all that plaintiff may not be able to work

a full eight-hour tour of light-duty from time to time.  (*Id.*)  The March 28 letter states: "If symptoms

worsen while on light duty I have given [plaintiff] consent to return home, etc."  (*Id.* at 90.)  Besides

the fact that this letter was submitted after plaintiff returned to work and his benefits were terminated

(they were terminated sometime in early March), the letter does not sufficiently express an opinion

that plaintiff was still totally disabled and therefore unable to perform light-duty work.  In fact, the

doctor begins the letter by stating that "[t]he patient has had no change in the above symptoms" and

---

[7] Plaintiff does not refer to these specific letters in his Complaint.  However "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers*, 282 F.3d at 153 (quoting *Int'l Audiotext*, 62 F.3d at 72).  "'Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.'" *Chambers*, 282 F.3d at 153 (quoting *Int'l Audiotext*, 62 F.3d at 72).  Because plaintiff had notice of his doctor's letters and did in fact rely on these letters in his Complaint to establish that his doctor put his disability into issue before the termination of his benefits–by notifying defendants that plaintiff would be unable to work a full eight-hour light-duty tour from time to time–we can consider them for this motion and need not convert the Rule 12(b)(6) motion into a motion for summary judgment under Rule 56. *See Micciche v. Kemper Nat'l Serv.*, 2008 WL 794977, at *6 (E.D.N.Y. Mar. 24, 2008) (finding correspondence between plaintiff's counsel, defendant and third-party integral to the complaint because such correspondence represented plaintiff's only attempt to satisfy the applicable limitations period); *Gleason v. U.S. Dep't Homeland Sec.*, 2007 WL 1597955, at *3 (S.D.N.Y. June 1, 2007) (incorporating plaintiff's Application for Correction of Military Record into the record because plaintiff relied on it to satisfy the statute of limitations); *Steger v. Delta Airlines, Inc.*, 382 F. Supp. 2d 382, 385 (E.D.N.Y. 2005) (considering letters annexed to memoranda in motion to dismiss because they memorialized the denial of benefits and the relevant appeal procedure, and were relied upon by the plaintiff when drafting the claims under ERISA for denial of disability benefits).

goes on to list those symptoms.  (*Id*.)  Because neither of these letters from plaintiff's doctor stated an opinion contrary to the medical examiner's that plaintiff could return to light duty, there was no issue regarding plaintiff's ability to work and therefore no need for a pre-termination hearing.

The Court of Appeals, in interpreting Section 207 and analyzing the due process requirements, has stated such a requirement:

> [A]lthough an administrative hearing may ultimately be required before section 207-a payments are terminated, recipients are not entitled to a hearing-- as claimed by appellants here--prior to the issuance of a report for light duty order. Indeed, an order to report for duty made, as here, only after a medical determination of capability does not trigger a hearing unless a firefighter on section 207-a status has brought that determination into issue by the submission of a report by a personal physician expressing a contrary opinion. Once evidence of continued total disability has been submitted, we agree with the Appellate Division that the order to report for duty may not be enforced, or benefits terminated, pending resolution of an administrative hearing, which itself is subject to review under CPLR article 78.

*Uniform Firefighters of Cohoes*, 94 N.Y.2d at 692 (internal citations omitted).  We do not cite this decision to determine whether defendants' procedures are adequate under federal due process requirements, but instead we use it as support for our interpretation of the state regulations enacted under Section 207 and the reasonableness of the procedures contained therein.

In fact, plaintiff returned to work and pursuant to state statute his benefits were terminated. Finally, plaintiff had an adequate post-termination proceeding.  We must therefore grant defendants' motion and dismiss the action with prejudice.

## CONCLUSION

For all the foregoing reasons, defendants' motion to dismiss is granted with prejudice.


SO ORDERED.

Dated:  White Plains, New York
        June 13, 2008




                                    _____
                                    Sr. United States District Judge

14